## Craven et al. v. Vought

*William F. Fox*, of *Fox & McTighe*, for plaintiffs.
*Arthur W. Bean*, of *Smillie & Bean*, for defendant.

KNIGHT, P. J., December 29, 1941.—Defendant in this trespass action is serving with the armed forces of the United States. He has presented a petition under section 201 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, praying that the proceedings be stayed for the duration of his service, and 60 days thereafter.

The above section reads: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

We gather from the petition and the supporting depositions that the case arose out of an automobile accident, and that defendant is the only witness in his own defense; that his counsel has not been able, because of his absence with the army, to consult with him in the preparation of the case, and that his present whereabouts is unknown.

It is hard to imagine a more compelling case for invoking the aid of the statute, and it is therefore interesting to examine the reasons advanced for refusing its protection to defendant.

First and foremost, it appears from the depositions that defendant carries liability insurance, and his coun-

484

sel represents his insurance carrier. It is contended that defendant has nothing to lose personally by the prosecution of the case in his absence.

The Soldiers' and Sailors' Civil Relief Act of 1940 was not passed for the benefit of insurance companies; but there is nothing in this record to show what kind of a policy he has, or the extent of the coverage. It is the defendant who petitions for the protection of the act and not the insurance company.

Next, it is stated in the brief of counsel for plaintiffs that, as a result of the accident out of which these cases came, defendant was arrested and pleaded guilty to operating an automobile while under the influence of intoxicating liquor. From this it is contended that the liability of defendant is certain. There is nothing in the record to support this statement of counsel, and we are governed by the record.

The fact that the driver of a car involved in an accident was under the influence of liquor does not necessarily prove that he was negligent or that the other parties involved were free from contributory negligence. Even if liability were established or admitted, there is the further question of damages, and the amount of damages awarded by a jury in a case of this kind might well be affected by the presence or absence of defendant.

It is contended that defendant could obtain a furlough and return home for the trial. Whether this were true at the time the case was argued we are not in a position to say, but at the time this opinion is written, with our country at war, we are rather confident that furloughs cannot be obtained by just asking for them.

Lastly, it is argued that this petition is but a scheme on the part of the insurance company, designed to drive plaintiffs into an unfair settlement of their claims. Plaintiffs do not have to settle. Even if the charge is true, the situation is caused by wartime conditions. Plaintiffs undoubtedly suffer by not being able to pros-

ecute their claims in the courts, but it is one of those sacrifices which we must make for the common good.

Since this case was argued in November, our country has entered the war. This fact, together with the other reasons we have advanced, leads to the conclusion that the rule must and should be made absolute.

And now, December 29, 1941, the rule is made absolute.